UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THERESA LARA,<br><br>       Plaintiff,<br><br>  v.<br><br>JEANTTE M. LARA et al.,<br><br>       Defendants. | CASE NO. 3:24-cv-05415-LK<br><br>ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT |

   This matter comes before the Court sua sponte. On June 20, 2024, United States Magistrate Judge Theresa L. Fricke granted pro se Plaintiff Theresa Lara's application to proceed *in forma pauperis* ("IFP") and her complaint was posted on the docket. Dkt. Nos. 7–8. Summons have not yet been issued. Having reviewed the complaint, the record, and the applicable law, the Court declines to issue summons and, for the reasons set forth below, dismisses Ms. Lara's complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B), with leave to file an amended complaint.

## I. BACKGROUND

   Ms. Lara initiated this action on May 30, 2024 against Defendants Jeantte M. Lara, Juanita H. Jackson, and David J. McGrew. Dkt. No. 1. In her complaint, Ms. Lara appears to allege that

Defendants kidnapped her son, are conspiring to steal the inheritance left for her by her grandmother, are trying to kill her, have shot at her house, are stealing her identity or identification, have stolen her Social Security income checks from her bank account, have had people follow her, and have "brought people from anothe[r] count[r]y over here that [don't] belong here." Dkt. No. 8 at 3–7. She requests the Court issue a warrant for the Defendants in order to have them arrested and "put in j[a]il[]" before they harm her and her son. *Id.* at 4, 6–7.

Additionally, Ms. Lara sent a letter to the Court on May 31, 2024, which largely reiterates the allegations in her complaint. Dkt. No. 4. She also supplemented her complaint with a copy of a purportedly "ceritfied [sic] affidavit" from her grandmother Marty Radowski dated September 22, 1997 and screenshots of communications between Ms. Lara and McGrew. Dkt. No. 6.

## II.   DISCUSSION

Federal courts are courts of limited jurisdiction, and they "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). This means that the Court can only hear certain types of cases. *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019). The typical bases for federal jurisdiction are established where (1) the complaint presents a federal question "arising under the Constitution, laws, or treaties of the United States" or (2) where the parties are diverse (e.g., citizens of different states) and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). The Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction[.]" Fed. R. Civ. P. 12(h)(3). In addition, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss plaintiffs' complaints if their claims (1) are frivolous or malicious, (2) fail to state a claim upon which relief may be granted, or (3) seek monetary relief from a defendant who is immune from such relief. The party asserting jurisdiction has the burden of establishing it. *See United States v. Orr Water Ditch Co.*, 600 F.3d 1152, 1157 (9th Cir. 2010).

1       Here, Ms. Lara does not invoke a basis for this Court's jurisdiction. Dkt. No. 8 at 5. She filed her complaint using a form intended for alleged civil rights violations made pursuant to 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *Id.* at 1, 4–5. However, given none of the Defendants appear to be federal, state, or local officials, Ms. Lara has not adequately pled a basis of jurisdiction based on Section 1983 or *Bivens*. *See, e.g.*, *Taylor v. Lai*, No. C13-1425-JLR, 2013 WL 6000068, at *3 (W.D. Wash. Nov. 12, 2013) (dismissing a Section 1983 claim for lack of jurisdiction when plaintiff failed to allege state action and noting that the "mere mention of 42 U.S.C. § 1983 and particular constitutional provisions does not establish jurisdiction where the complaint on its face discloses the absence of an essential element of such a claim" (citations omitted)). Nor has she otherwise established federal question or diversity jurisdiction necessary to invoke this Court's subject-matter jurisdiction over her claims. *See* 28 U.S.C. §§ 1331, 1332(a).

      Moreover, it is unclear what specific relief Ms. Lara seeks from the Court. She does not allege any bases for her claims, and also does not specifically request either monetary, injunctive, or declaratory relief in her complaint. *See generally* Dkt. Nos. 8, 8-1. To the extent Ms. Lara is attempting to institute criminal charges against Defendants, she cannot do so. *See* Dkt. No. 8 at 4, 6–7. As another court in this District has previously explained to her, only a United States Attorney can initiate a criminal prosecution in federal court. *See Rhodes v. Robinson*, 399 F. App'x 160, 165 (9th Cir. 2010) (citing *Keenan v. McGrath*, 328 F.2d 610, 611 (1st Cir. 1964) (per curiam)); *Lara v. McGrew*, No. 3:24-cv-05253-DGE, Dkt. No. 3 at 3 (W.D. Wash. Apr. 19, 2024).

      Accordingly, the Court declines to issue summons in this matter, dismisses this complaint without prejudice, and grants Ms. Lara an opportunity to cure the deficiencies identified herein. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) ("A district court should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the

ORDER DISMISSING COMPLAINT WITHOUT PREJUDICE AND WITH LEAVE TO FILE AN AMENDED COMPLAINT - 3

complaint could not be cured by amendment." (cleaned up)). The Court reiterates that it will not entertain any request for criminal charges to be brought against Defendants.

### III.  CONCLUSION

For the foregoing reasons, the Court DISMISSES Ms. Lara's complaint without prejudice and with leave to amend by August 1, 2024.

A timely filed amended complaint operates as a complete substitute for an original pleading. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). For that reason, any amended complaint must clearly identify the defendant(s), the claim(s) asserted, the specific facts that Ms. Lara believes support each claim, the specific relief requested, and the basis for this Court's jurisdiction. In other words, the amended complaint must include all relevant allegations rather than merely supplementing the original complaint.

If Ms. Lara does not file a proper amended complaint by August 1, 2024, this action will be dismissed with prejudice.

Dated this 2nd day of July, 2024.

*Lauren King*

Lauren King
United States District Judge